GROVER L. COVINGTON, Justice Ad Hoc.*
Jack D. Tate was charged by bill of information with the offense of possession of a controlled dangerous substance, methamphetamine (“speed”), with intent to distribute, in violation of La.R.S. 40:967(C).[1] The *1132 defendant moved to suppress for use as evidence the drugs seized pursuant to the search warrant. After a hearing, the motion to suppress was denied. The defendant applied for a writ of certiorari which was granted by this court, 400 So.2d 681, and assigned as error the lack of probable cause in the affidavit.
At the hearing on the defendant’s motion to suppress, the following facts were adduced. On February 15, 1980, Special Agent Jesse J. Jones, Jr., United States Department of Treasury, Bureau of Alcohol, Tobacco and Firearms, executed a search warrant at 1846 MeQuaid Street, Village St. George subdivision, Baton Rouge, Louisiana. At that address the officers seized a quantity of methamphetamine and marijuana. The marijuana was found in both the front bedroom and a living-room closet. The methamphetamine was found in a Tupperware bowl and a clear plastic bag in the kitchen. The officers also found numerous firearms. The special agent had also prepared an affidavit in connection with the search warrant. The reasons and facts for the request for the issuance of the search warrant were listed in the affidavit as follows:
“Paragraph 1. Within the past seventy-two hours Special Agent Jones, hereafter referred to as affiant received information from a reliable confidential informant as stated in paragraphs 2 thru 5. This reliable confidential informant has been proven reliable in that the confidential informant has provided information in the past to affiant which has been investigated thoroughly by affiant and has been proven accurate on a minimum of ten occasions.
Paragraph 2. The confidential informant stated to affiant that subjects known by the confidential informant to be Jack Tate w/m and Jerry Tate w/m had stated in the presence of the confidential informant to other individuals that a white powder substance in view of all persons present and further within the aforedescribed residence, was ‘crystal’ and was ‘speed’. The confidential informant further stated that the white powder was enclosed into clear plastic bags. The affiant, being a trained investigator with ten years investigations experience, knows that the common slang verbiage for crystal methamphetamine, a white powder, is ‘crystal’ or ‘speed.’
Paragraph 3. The confidential informant stated to affiant that at the same time confidential informant observed a green vegetable substance within the aforedescribed residence and heard Jack Tate and Jerry Tate w/m to state that the green vegetable substance was marijuana.
Paragraph 4. The confidential informant further stated to affiant that the occupant or occupants observed [in the] aforedescribed residence were involved in the sales of marijuana and methamphetamine and knew this from personal knowledge.
Paragraph 5. The confidential informant further stated that the occupants, Jerry Tate and Jack Tate, were known by the confidential informant to carry firearms on their person from time to time, and that Jack Tate had been heard by the confidential informant to state that he would use force in resisting arrest.
Paragraph 6. Due to facts stated in paragraph 5 it is requested that ‘no-knock’ entry be granted to affiant upon execution of the search warrant.”
We are satisfied that the affidavit, taken as a whole, contains sufficient facts for a magistrate to reasonably determine that probable cause existed for issuance of the search warrant in the instant case. State v. Baker, 389 So.2d 1289 (La.1980). In State v. Boudreaux, 304 So.2d 343 (La.1974), this court recognized that an affidavit is adequate if a common-sense construction of the face of the affidavit tends to establish that the information contained *1133 therein was current and not stale. We conclude that the information contained in the affidavit was sufficiently recent so as to justify a finding of probable cause at the time of the issuance of the search warrant. See State v. Ogden, 391 So.2d 434 (La.1980).
In the instant case the affidavit was presented to the issuing magistrate on February 15,1980. The affiant, Jesse J. Jones, Jr., was a credible person, being a special agent of the United States Treasury, Bureau of Alcohol, Tobacco and Firearms. The affidavit described the residence of the defendant by municipal number and by physical description, being described as bearing East Baton Rouge Parish municipal address 1846 McQuaid Street, Village St. George subdivision, and described as a single-story brick house with a white shingle roof and black shutters, with a single carport on the east side of the house, and being the ninth house on the south side of McQuaid from the intersection of McQuaid and Honey Drive. Furthermore, the affidavit described the substances to be searched for as methamphetamine and marijuana (and also asked for permission to seize any documents pertaining to the distribution, packaging, sale and resale of methamphetamine and marijuana and/or their derivative by-products).
The special agent, the affiant, then established probable cause for the magistrate. First, the agent had received information from a confidential informant (C.I.) within three days (within the past 72 hours) prior to his signing of the affidavit on February 15, 1980. (The search issued thereon was executed the same day, about one hour after the issuance of the warrant.) The reliability of the C.I. was established in the affidavit by the statement that he had previously furnished information which had proven accurate on a minimum of ten occasions. The C.I. informed the affiant that methamphetamine (speed) and marijuana were currently being offered for sale at the subject residence and that the C.I. had personal knowledge of such sales. The affidavit clearly shows that reasonable cause existed to believe that an illegal activity was occurring on the subject premises at the time the warrant was sought. The language of the affidavit indicates that the affiant is describing a course of conduct continuing to the date of the warrant. See State v. Boudreaux, supra.
Thus, we find the assignment of error taken to the denial of the motion to suppress to be without merit.
DECREE
For the foregoing reasons, we affirm the judgment of the district court denying the defendant's motion to suppress, and the case is remanded to the district court for further proceedings in accordance with law.
AFFIRMED AND REMANDED.

 Judges Covington, Cole and Watkins of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice Dixon, and Associate Justices Marcus, Blanche and Lemmon.

. This is a companion case to State v. Jack D. Tate, 407 So.2d 1133, in which the State has appealed the judgment of the district court granting the defendant’s motion to suppress the evidence pursuant to a search under a search warrant for a U-Store and Lock ware *1132 house storage room, which search resulted in a charge of felony theft against the defendant. The cases have been consolidated for purposes of argument.