407 So.2d 1133 (1981)
STATE of Louisiana
v.
Jack TATE.
No. 81-K-0878.
Supreme Court of Louisiana.
November 16, 1981.
Rehearing Denied January 25, 1982.
*1134 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Glen Peterson, Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-relator.
Lewis O. Unglesby, Baton Rouge, for defendant-respondent.
*1135 MARCUS, Justice.[*]
Jack D. Tate was charged by bill of information with theft of a motorcycle having a value of five hundred dollars or more in violation of La.R.S. 14:67.[1] Prior to trial, defendant filed a motion to suppress certain physical evidence seized from a storage room maintained by him at U-Store and Lock. After a hearing, the trial judge sustained the motion to suppress. Upon the state's application, we granted a writ under our supervisory jurisdiction to review the correctness of that ruling.[2]
The state contends the trial judge erred in granting defendant's motion to suppress physical evidence seized from the storage room pursuant to a search warrant. The state argues that the affidavit supporting the search warrant recited facts sufficient to establish probable cause for issuance of the warrant.
The search warrant was issued to search storage room number A-64 located at U-Store and Lock # 2, 9530 Dawnadale Street, Baton Rouge, Louisiana, for the purpose of seizing stolen property described as "micro-wave ovens, kitchen stoves, motorcycles and motorcycle parts." The warrant was issued based upon facts recited in an affidavit by Special Agent Jesse J. Jones, Jr. of the United States Treasury, Bureau of Alcohol, Tobacco and Firearms. The affidavit was signed and the warrant was issued and executed on February 16, 1980. The property seized pursuant to execution of the warrant included an outboard motor, a motorcycle and various motorcycle parts. The affidavit generally recited the following facts to establish probable cause for issuance of the warrant:
(1) Within the past 72 hours, affiant received information from a reliable confidential informant who has proven reliable in the past by providing information to affiant which after being thoroughly investigated by him has proven accurate on a minimum of ten occasions. The informant advised affiant that a white male, known as Jack Tate and also known as Larry Johnson, maintained at U-Store and Lock, 9530 Dawnadale Street, Baton Rouge, Louisiana, storage room A-64 which he used exclusively to secret stolen property, to-wit: microwave ovens, kitchen stoves, motorcycles, and motorcycle parts.
(2) On November 22, 1979, affiant observed Jack Tate to arrive at storage room number A-64 at the U-Store and Lock, 9530 Dawnadale, Baton Rouge, Louisiana. Tate and another individual arrived in a 1979 Ford pickup truck bearing Louisiana license number T565760. A Harley-Davidson motorcycle, chopper-type, was in the truck. Tate opened the door to the storage room and placed the motorcycle inside. Tate then read a number from the engine of the motorcycle, laughed and said that he now owned a "57." He also said that he needed to change the serial number on the motorcycle. Motorcycle parts and an outboard motor were also observed in the storage room.
(3) On February 13, 1980, the affiant observed Jack Tate to travel to the U-Store and Lock, 9530 Dawnadale Street, Baton Rouge, Louisiana. Tate went into the office where he stayed for approximately five minutes. He then left the office, got in his truck and left.
*1136 (4) On February 15, 1980, a state search warrant was executed on the Jack Tate residence which is located at 1846 McQuaid Drive, East Baton Rouge Parish. Found subsequent to the search warrant were a number of receipts, including a receipt dated February 13, 1980, for the rent on locker number A-64, bearing the name Larry Johnson. Also included were receipts showing payments on A-64, U-Store and Lock # 2.
Constitutional provisions insure a person from unreasonable search and seizure of his house, papers and effects. No such search or seizure shall be made except upon warrant issued upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized. U.S. Const. Amend. IV; La.Const. art. 1, § 5. Conformably, our Code of Criminal Procedure in article 162 provides in pertinent part:
A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.
We have held that probable cause exists when the facts and circumstances within the affiant's knowledge, and of which he has reasonably trustworthy information, are sufficient unto themselves to warrant a man of reasonable caution to believe that an offense has been committed. State v. Mena, 399 So.2d 149 (La.1981). The judicial officer must be supplied with enough information to support an independent judgment that probable cause exists for the issuance of a warrant. Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971); State v. Mena, supra.
In Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), the United States Supreme Court set forth, in a "two-pronged test," the criteria which a magistrate must follow in determining if an affidavit based upon hearsay has established probable cause for the issuance of a search warrant: (1) the affiant must articulate the basis for his belief that the information is trustworthy, and (2) the affidavit must indicate the underlying circumstances from which the informant concluded that the objects were where he contended they would be. Hence, the reliability of both the informant and his information must be demonstrated in the affidavit. State v. Wichers, 392 So.2d 419 (La.1980). Later, the Court in Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), made the criteria more flexible by allowing an informant's tip which is inadequate under Aguilar standards to be corroborated by independent sources. These rules were adopted by this court in State v. Paciera, 290 So.2d 681, 685-86 (La.1974):
The affidavit submitted to the magistrate may be based entirely upon hearsay, but, if so, it must set forth underlying circumstances and details sufficient to provide a substantial factual basis by which the magistrate might find reliable both the informant and the information given by him. Factors which support the credibility of an unidentified informant include prior accurate reports or any specific independent corroboration of the accuracy of the instant report. Factors which support the credibility of the information reported include (a) direct personal observation by the informant, or (b), if the information came indirectly to the informant, the reasons in sufficient factual detail for the magistrate to evaluate and credit the reliability both of the indirect source and of the indirectly-obtained information.
The affidavit in the instant case satisfies the first Aguilar standard. It states that the informant has proven reliable in the past by providing information to affiant which after being thoroughly investigated by him has proven accurate on a minimum of ten occasions. State v. Tate, 407 So.2d 1131 (La.1981); State v. Humble, 309 So.2d 138 (La.1975); see State v. White, 368 So.2d 1000 (La.1979).
In addition, an affidavit must satisfy the second Aguilar standard by demonstrating the reliability of the informant's information.
*1137 In the instant case, the information supplied by the confidential informant, standing alone, fails to satisfy the second prong of the Aguilar test. The affidavit states that the informant told the affiant that Jack Tate maintained at U-Store and Lock, storage room A-64 which he used exclusively to conceal stolen property. It fails to indicate the underlying circumstances from which the informant reached this conclusion.
The finding that the informant's tip, standing alone, fails to satisfy the second prong of the Aguilar test does not, however, end our inquiry into the sufficiency of the affidavit supporting the warrant. State v. Baker, 389 So.2d 1289 (La.1980). Affidavits must be tested and interpreted by magistrates and courts in a commonsense and realistic fashion. United States v. Ventresca, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); State v. Williams, 338 So.2d 1365 (La.1976). The magistrate is obligated to render a judgment based upon a commonsense reading of the entire affidavit. Thus, when an informant's statement fails to meet Aguilar's two-pronged test, the affidavit may nevertheless be sufficient if corroborating facts from police observation permit "the suspicion engendered by the informant's report to ripen into a judgment that a crime was probably being committed." Spinelli v. United States, supra; State v. Williams, supra. An informant's tip can be significantly buttressed if either independent observations by the affiant corroborate sufficient details of the tip (whether suspicious or not) to negate the possibility that the informant fabricated his report, or independent observations by the affiant contribute to a showing of probable cause by revealing not merely normal patterns of activity but activity that reasonably arouses suspicion. Gonzales v. Beto, 425 F.2d 963, 969 (5th Cir.), cert. denied, 400 U.S. 928, 91 S.Ct. 194, 27 L.Ed.2d 189 (1970), cert. denied, Acosta v. Beto, 400 U.S. 1001, 91 S.Ct. 476, 27 L.Ed.2d 452 (1971).
In the instant case, the affiant had observed defendant place a motorcycle inside a particular storage room at which time he heard him say that he now owned a "57" and would have to change the serial number on it. Motorcycle parts were also observed in the storage room at that time. Some two and a half months later, the affiant received a report from a reliable confidential informant advising him that defendant was concealing stolen goods, including motorcycles and motorcycle parts, in the same storage room. At about the same time, the affiant observed defendant going into the office of the storage facility where he remained for about five minutes and then left. Two days later when executing a search warrant at defendant's residence, a number of receipts, including one dated two days earlier, for the storage room were found. The next day, the search warrant was obtained and executed.
Clearly, the independent observations by the affiant contributed to a showing of probable cause and corroborated sufficient details of the informant's tip to negate the possibility that the informant fabricated his report. The fact that two and a half months elapsed between the earlier observations of the affiant at the storage room and the issuance of the search warrant is of no significance. Staleness is an issue only where the passage of time makes it doubtful that the object sought in the warrant will be at the place where it was observed. From the independent observations made by the affiant, the continued rental of the storage room by defendant, and the nature of the objects involved, it was reasonable to infer that defendant was engaged in a course of conduct continuing to the date that the search warrant was issued.
We are satisfied that the affidavit, taken as a whole, contains sufficient facts for a magistrate to reasonably determine that probable cause existed for issuance of the search warrant in the instant case. Hence, the ruling which suppressed the evidence obtained in the execution of the warrant was in error.

*1138 DECREE
For the reasons assigned, we reverse the ruling of the trial judge which suppressed the evidence and remand the case to the district court for further proceedings not inconsistent with this opinion.
NOTES
[*] Judges Grover L. Covington, Luther F. Cole and J. Louis Watkins, Jr. of the Court of Appeal, First Circuit, participated in this decision as associate justices ad hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.
[1] This is a companion case to State v. Tate, 407 So.2d 1131 (La.1981). In that case, defendant was charged by information with possession of methamphetamine in violation of La.R.S. 40:967. Defendant's motion to suppress evidence seized from his residence pursuant to a search warrant was denied by the trial judge. On defendant's application, we granted a writ to review the correctness of that ruling. After review, we affirmed the ruling of the trial judge and remanded the case to the district court for further proceedings. The search warrant used in the instant case was based in part on rent receipts for the storage room found during the search of defendant's residence pursuant to the search warrant at issue in the other case.
[2] 400 So.2d 681 (La.1981).