811 So.2d 1081 (2002)
STATE of Louisiana
v.
Robert CALVERT.
No. 01-KA-826.
Court of Appeal of Louisiana, Fifth Circuit.
February 26, 2002.
*1082 Kyla Blanchard-Romanach, Louisiana Appellate Project, Baton Rouge, LA, for Robert Calvert, Defendant-Appellant.
Harry J. Morel, Jr., District Attorney, 29th Judicial District Court, Howat A. Peters, Jr., Assistant District Attorney, Hahnville, LA, for State of Louisiana, Plaintiff-Appellee.
Panel composed of Judges SOL GOTHARD, MARION F. EDWARDS and SUSAN M. CHEHARDY.
SUSAN M. CHEHARDY, Judge.
Defendant, Robert Calvert, was indicted on September 17, 1998 by the St. Charles Parish grand jury with possession with intent to distribute heroin in violation of LSA-R.S. 40:966 A(1). He pled not guilty and later filed a motion to suppress the evidence alleging that the police officer lacked reasonable suspicion to justify the initial traffic stop. On March 16, 2000 and March 23, 2000, the trial judge heard testimony on defendant's motion to suppress. After taking the matter under advisement, the trial judge denied the motion to suppress on June 7, 2000.
On September 25, 2000, defendant withdrew his former plea of not guilty and, pursuant to a plea agreement with the State, entered a plea of guilty to attempted possession with intent to distribute heroin, reserving his right to appeal the denial of his motion to suppress under State v. Crosby.[1] That day, the trial judge sentenced him to 20 years of imprisonment at hard labor.
Defendant now appeals the denial of his motion to suppress the evidence contending that the police office lacked reasonable suspicion to conduct the intimal traffic stop. We have reviewed defendant's assignment of error and, for the following reasons, affirm his conviction and sentence.

Facts
At the suppression hearings, the following facts were presented. At about 4:00 a.m. on August 15, 1998, Detective Chester Kowalski of the St. Charles Parish Sheriff's Office was on patrol westbound on I-10 near mile marker 219 when he observed a 1991 black Acura with a Texas license plate cross the center line two times and the white fog line one time. Detective Kowalski activated the video camera in his police unit. When he observed the vehicle *1083 cross the center line for the third time, he stopped the vehicle concerned that the driver was either falling asleep or intoxicated.
After Detective Kowalski stopped the vehicle, he advised defendant of the traffic violation and asked for his driver's license. Defendant produced a Michigan driver's license. When Detective Kowalski queried whether defendant was falling asleep, defendant advised that he was wide awake because he had just refueled in Baton Rouge. Detective Kowalski found that statement suspicious because defendant was headed toward Baton Rouge on I-10. Defendant further advised that he was en route from Atlanta, where he was in college, to Houston where his girlfriend and the car's owner, Rebecca Weery, lived.
Based upon this information, Detective Kowalski decided to run a computer check on defendant. Defendant remained in his automobile while Detective Kowalski was in his police cruiser. Detective Kowalski noticed "a lot of movement inside of [the defendant's] vehicle" during that time-span. When Detective Kowalski returned to defendant's vehicle, he noticed defendant was breathing rapidly and his hands were shaking. He became more suspicious and asked defendant if he had any drugs, guns or large sums of U.S. currency, which defendant denied. Defendant then consented to a search of his vehicle.
While he was searching defendant's car, Detective Kowalski unzipped a hanging bag in the back seat. He found a second hanging bag inside the first hanging bag. Inside of the second bag, he found a McDonald's bag that contained a clear plastic bag containing fine white powder with a tan color.

Discussion
In his first assignment of error, defendant asserts that the trial court erred in denying his motion to suppress because the police officer lacked reasonable suspicion to justify the initial traffic stop. In support of his argument, defendant specifically contends that the videotape does not show any traffic violation as testified to by Detective Kowalski at the suppression hearing. He maintains Detective Kowalski's testimony is not credible because it is inconsistent with the videotape. Defendant alternatively asserts that any traffic violation was too minimal to afford a reasonable basis for interfering with a vehicle's freedom of movement as discussed by the Louisiana Supreme Court in State v. Waters, 00-0356 (La.3/12/01), 780 So.2d 1053.
The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. However, the right of law enforcement officers to stop and interrogate one reasonably suspected of criminal conduct is recognized by LSA-C.Cr.P. art. 215.1,[2] as well as state and federal jurisprudence. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Belton, 441 So.2d 1195 (La. 1983), cert. denied, Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
In general, the decision to stop an automobile is reasonable where the police *1084 have probable cause to believe that a traffic violation has occurred. Whren v. United States, 517 U.S. 806, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); State v. Waters, 00-0356 (La.3/12/01), 780 So.2d 1053, 1056; State v. Richards, 97-1182 (La.App. 5 Cir. 4/15/98), 713 So.2d 514, 517, writ denied, 98-1452 (La.10/9/98), 726 So.2d 27; State v. Washington, 96-656 (La.App. 3 Cir. 1/15/97), 687 So.2d 575; State v. Colarte, 96-0670 (La.App. 1 Cir. 12/20/96), 688 So.2d 587, writ denied, 97-1015 (La.10/3/97), 701 So.2d 197.
According to Detective Kowalski, defendant committed a traffic offense by crossing the center line on three separate occasions and the white fog line on one occasion within a distance of less than one mile. Detective Kowalski testified that he activated the video camera in his police unit after defendant had crossed the center line twice and the fog line once. Detective Kowalski further stated that, after activating the camera, defendant crossed the center line a third time so Detective Kowalski activated the emergency lights on the police unit and stopped defendant's car. Defendant testified that he did not cross the center line and argues on appeal that the videotape supports his testimony.
At the suppression hearing, the trial court was faced with conflicting testimony of whether defendant committed a traffic violation by crossing the center line and/or fog line. The trial judge heard all the evidence and apparently found Detective Kowalski's testimony to be credible despite the alleged discrepancy between the videotape and his testimony.
The credibility of a witness is within the discretion of the trier of fact who may accept or reject, in whole or in part, the testimony of any witness and the credibility of witnesses will not be reweighed on appeal. State v. Rowan, 97-21 (La.App. 5 Cir. 4/29/97), 694 So.2d 1052, 1056. Inconsistency in a witness' testimony is only one of the factors the fact-finder weighs in determining whether to believe a witness' testimony. State v. Hotoph, 99-243 (La.App. 5 Cir. 11/10/99), 750 So.2d 1036, 1045, writs denied, 99-3477 (La.6/30/00), 765 So.2d 1062, and 00-0150 (La.6/30/00), 765 So.2d 1066. We will not re-weigh the trial court's assessment of Detective Kowalski's credibility on appeal.
Moreover, we find defendant's reliance, in his alternative argument, on State v. Waters, supra, is misplaced. In Waters, the defendant urged the Louisiana Supreme Court to find that his traffic violation was so de minimus that the objective approach set forth in Whren v. United States, 517 U.S. 806, 810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996), for determining the reasonableness of a vehicular stop is no longer reasonable. The supreme court rejected defendant's argument, reiterating that "that the objective standard of Whren `is indifferent to the relatively minor nature of the traffic offense.'" Waters, supra at 1057.
Finally, the trial court's decision to deny a motion to suppress is afforded great weight and will not be set aside unless the preponderance of the evidence clearly favors suppression. State v. Williams, 98-1006 (La.App. 5 Cir. 3/30/99), 735 So.2d 62, 74, writ denied, 99-1077 (La.9/24/99), 747 So.2d 1118. We find no error in the trial court's denial of defendant's motion to suppress evidence.
Our review of the record according to LSA C.Cr.P. art. 920 reveals one error patent,[3] which requires remand.
*1085 When defendant was sentenced on September 25, 2000, the trial court advised him that he had two years to seek post-conviction relief but failed to indicate when that period commenced. Therefore, we instruct the district court to send written notice of the two-year prescriptive period to defendant within ten days of the rendering of this Court's opinion and to file written proof into the record that defendant received said notice.
AFFIRMED; REMANDED.
NOTES
[1] State v. Crosby, 338 So.2d 584 (La.1976)
[2] La.C.Cr.P. art. 215.1 provides in pertinent part:

A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
[3] Here, the defendant pled guilty to attempted possession with intent to distribute heroin, a violation of La. R.S. 40:979(B). La R.S. 40:979(B) mandates that the entirety of an offender's prison sentence, of not less than eight not more than fifty years, be served without benefit of parole, probation or suspension of sentence. In this case, when the trial judge sentenced the defendant, he did not specify that the defendant's twenty-year sentence was to be served without benefit of parole, probation or suspension of sentence. Recently, in State v. Williams, 00-1725 (La.11/29/01), 800 So.2d 790, the Louisiana Supreme Court announced that, "In instances where these [mandatory] restrictions are not recited at sentencing, La. R.S. 15:301.1(A) deems that those required statutory restrictions are contained in the sentence, whether or not imposed by the sentencing court. Additionally, this paragraph self-activates the correction and eliminates the need to remand for a ministerial correction of an illegally lenient sentence which may result from the failure of the sentencing court to impose punishment in conformity with that provided in the statute." 800 So.2d 799.