839 So.2d 296 (2003)
STATE of Louisiana
v.
Larry D. HOGAN.
No. 02-KA-924.
Court of Appeal of Louisiana, Fifth Circuit.
January 28, 2003.
Philip E. O'Neill, Gretna, LA, for Appellant.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Alan D. Alario, II, Assistant District Attorneys, Gretna, LA, for Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., JAMES L. CANNELLA and MARION F. EDWARDS.
JAMES L. CANNELLA, Judge.
The Defendant, Larry D. Hogan, appeals from his drug convictions based on his guilty pleas to possession with the intent *297 to distribute oxycodone and possession of 28-199 grams of cocaine with intent to distribute. We affirm the convictions and sentences and remand.
In July of 2000, the Defendant was charged with the oxycodone offense, a violation of La. R.S. 40:967(A), and the cocaine offense, a violation of La. R.S. 40:967(F). He was arraigned and pled not guilty. On July 11, 2000, the Defendant filed a Motion for Production of Search Warrant. On July 26, 2002, he filed various motions including a motion to suppress the evidence, confession and identification. On October 12, 2000, a hearing was held. The trial judge stated that the hearing was on a motion to suppress the search warrant. The matter was submitted on briefs by the Defendant and the face of the search warrant. Nothing was offered into evidence. The trial judge denied the motion. On February 25, 2002, the charge of possession of cocaine was amended to possession of cocaine with intent to distribute. On that day, the Defendant withdrew his prior not guilty pleas and pled guilty to both charges, reserving his right to appeal the denial of his motion to suppress the evidence pursuant to State v. Crosby, 338 So.2d 584 (La.1976). On March 19, 2002, the trial judge sentenced the Defendant to serve five years on each count, with the sentences to run currently. The trial judge also recommended that the Defendant be allowed to participate in the Impact Program.
The facts related to the arrest are from the Jefferson Parish Sheriffs Office Arrest Report and Probable Cause Affidavit, which states:
On Friday, 06-30-2000, narcotic investigators were granted a lawful order of search for the residence of 802 Fifth St., Westwego. Pursuant to the search, the investigators seized approximately 125 grams of cocaine, paraphernalia associated with the distribution of cocaine, nine (9) tablets of oxycontin, and $1,912.00 of U.S. currency. Subsequently, the investigators arrested Hogan, the resident of 802 Fifth St.
On appeal, the Defendant asserts that the trial judge erred in failing to suppress the search warrant. He contends that the search warrant was defective because (1) the time between the tip of the confidential informant (CI) and the filing of the affidavit in support of the search and seizure warrant was too long, (2) there was no statement qualifying the CI as either credible or reliable, (3) there was no source or basis of knowledge stated by the CI that indicated how he gained the information stated, and (4) no part of the CI's tip was corroborated. The Defendant alleges that the affidavit failed to establish probable cause for the search of the residence and must be quashed.
The application for search warrant states in pertinent part:
In early June 2000, Agent Steven Rayes, assigned to the Narcotics Section of the Jefferson Parish Sheriff's Office, was contacted by a confidential informant regarding the retail sale of cocaine from the residence of 802 Fifth Street, Westwego. The confidential informant, hereafter referred to in the plural forms they and them, stated they were in a position to effect a controlled purchase of cocaine from the resident, described as a white male, approximately 40-45 years of age, with salt and pepper hair named "Larry".
In order to test the veracity of information provided by the CI, Agent Rayes elected to conduct a controlled purchase of cocaine from the residence described above. Within the last forty-eight (48) hours, Agent Rayes met with the CI. Agent Rayes took all the necessary precautions *298 to ensure the CI was free of all contraband.
Agent Rayes, along with assisting investigators, followed the CI to the aforementioned residence. Agent Rayes observed the CI enter the residence and remain inside for a short period of time. Shortly thereafter, Agent Rayes observed the CI emerge from the residence. The assisting investigators maintained constant surveillance on the CI and followed them to a pre arranged [sic] meeting location.
Once at the pre-arranged meeting location, the CI relinquished custody of a suspected quantity of cocaine. Agent Rayes conducted a presumptive field test on a small portion of the suspected cocaine. This test yielded a positive response for the presence of cocaine. Once again, Agent Rayes took all the necessary precautions to ensure the CI was free of all contraband. Agent Rayes secured the purchased quantity of cocaine in the Narcotics Evidence Locker.
Defendant argues that the affidavit failed to establish probable cause for the search of the residence. He claims that there was no statement qualifying the CI as either credible or reliable in order to satisfy the first prong of the Aguilar-Spinelli test (veracity).[1] Defendant contends that there was no source or basis of knowledge stated by the CI that indicated how he gained the information in order to satisfy the second prong of the Aguilar-Spinelli test (basis of knowledge). Additionally, he contends that the 20-day interval between the CI's tip in early June of 2000, and the filing of the affidavit in support of the search warrant on June 30, 2000, was too long, and, therefore, that by June 30, 2000, probable cause supporting the warrant no longer existed.
Defendant alleges the following omissions from the affidavit:
1. The affidavit omitted stating how the CI learned the information that "they were in a position to effect a controlled purchase of cocaine from the resident described as a white male, approximately 40-45 years of age, with salt and pepper hair, named `Larry.'" (See 1st paragraph of affidavit). There was no statement in the affidavit explaining whether the CI observed this personally, whether he participated in the sale, whether he was personally in the residence or whether he knew or observed the resident or saw cocaine.
2. In the remaining portion of the affidavit, the CI did not mention "Larry" again, nor did he state that he purchased cocaine or that he saw cocaine in the residence at the time of the visit to the residence.
3. In the 3rd and 4th paragraphs of the affidavit, the CI gives no tips and states no information.
4. In the 4th paragraph, the affidavit does not indicate whether the CI said anything when he arrived at the pre-arranged meeting, saw the resident, purchased cocaine, whether anyone was in the residence, whether he saw cocaine in the residence, or whether Larry or anyone else told him that cocaine was in the residence or would be in the residence. The affidavit does not indicate whether the CI mentioned the amount of cocaine or the price of the cocaine.
5. The affidavit does not reflect whether the CI's vehicle was searched before he went into the residence.

*299 6. The affidavit provides no corroboration of the CI's tip.
The trial court is afforded great discretion when ruling on a motion to suppress and its ruling will not be disturbed absent an abuse of that discretion. State v. Spotville, 99-719, p. 9 (La.App. 5th Cir.12/21/99), 752 So.2d 244, 248.
The constitution protects a person against unreasonable search and seizure of his house, papers and effects. Thus, a search and seizure of such shall only be made upon a warrant issued on probable cause, supported by oath or affirmation, and particularly describing the place to be searched and thing(s) to be seized. U.S. Const. amend. IV; La. Const. art. I, § 5 (1974).
The general rule is that probable cause sufficient to issue a search warrant "exists when the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched." La. C.Cr. P. art. 162, State v. Casey, 99-0023, p. 3-4 (La.1/26/00), 775 So.2d 1022, 1027-1028, cert. denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000).
In Casey, the Louisiana Supreme Court stated:
The issuing magistrate must make a practical, common sense decision whether, given all the circumstances set forth in the affidavit, a fair probability exists that the evidence of a crime will be found in a particular place. Additionally, a search warrant must establish a probable continuing nexus between the place sought to be searched and the property sought to be seized. Further, an affidavit must contain, within its four corners, the facts establishing the existence of probable cause for issuing the warrant. [Citations omitted]
Casey, 99-0023, p. 4, 775 So.2d at 1028.
The two-prong test, proof of veracity and the basis of the CI's knowledge that had been adopted in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), was abandoned by the U.S. Supreme Court in Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). In Gates, the Court adopted the "totality of the circumstances" test to evaluate a CI's credibility. Gates, 462 U.S. at 231, 103 S.Ct. at 2328. See also: State v. Horton, 01-2529, p. 4 (La.6/21/02), 820 So.2d 556, 559. However, the CI's veracity, reliability or basis of knowledge continues to be highly relevant in evaluating probable cause. Gates, 462 U.S. at 230, 103 S.Ct. at 2328; Horton, 01-2529, p. 4, 820 So.2d at 559.
In United States v. Leon, 468 U.S. 897, 104 S.Ct. 3430, 82 L.Ed.2d 677 (1984), the Court created an exception to the rule where a law enforcement officer relies in good faith on a magistrate's probable cause determination and the technical sufficiency of the warrant. In those cases, exclusion is not proper. The reasoning is that the exclusion is designed as a deterrent to bad faith police searches. Furthermore, an affidavit supporting a search warrant is presumed to be valid, and the defendant has the burden of proving that the representations in the affidavit are false. State v. Brown, 93-2089, p. 6, (La. App. 4th Cir.12/15/94), 647 So.2d 1250, 1253, writ denied, 95-0497 (La.12/6/96), 684 So.2d 921.
Our careful review of the affidavit shows that the affiant, Agent Rayes, learned from a CI's tip in early June of 2000 that cocaine was being sold from a residence at 802 Fifth Street by someone named *300 "Larry." Agent Rayes corroborated this tip by meeting with the CI within 48 hours of the application for the search warrant (June 30, 2000), supervising the CI in a controlled purchase of cocaine from the residence at issue, ensuring the CI was free of all contraband, following the CI to the residence, observing the CI enter the residence and remain inside for a short period of time, observing the CI emerge from the residence, maintaining constant surveillance on the CI and following the CI to a pre-arranged meeting location. The affiant further corroborated the CI's tip by taking custody of the cocaine from the CI, conducting a presumptive field test of the substance, determining that the substance was cocaine, and securing the purchased quantity of cocaine in the narcotics evidence locker.
Although the affiant does not state that the CI told him he purchased cocaine from someone in the residence, the last line of the fourth paragraph of the affidavit states that the affiant secured the "purchased quantity of cocaine" in the narcotics evidence locker. We can reasonably infer from this statement that the CI had purchased this cocaine from the residence prior to turning it over to the affiant. Under the totality of the circumstances, we find that the affidavit supported a finding of probable cause for the issuance of the search warrant. In addition, although the affiant did not provide specific information regarding the CI's reliability or success rate, the search warrant was primarily based on the controlled drug buy set up and observed by the affiant. This successful buy is sufficient. See: State v. Johnson, 27,522 (La.App. 2nd Cir.12/6/95), 665 So.2d 1237. Thus, we find that there was probable cause for the warrant.
Even if the affidavit was deficient in some details, under Leon, the evidence does not require suppression. There, the U.S. Supreme Court held that evidence seized pursuant to a search warrant issued without sufficient probable cause need not be suppressed if the officers who executed it believed it had been validly issued. The Leon court enumerated four instances in which suppression remains an appropriate remedy, (1) where the magistrate or judge was misled by information the affiant knew was false or would have known was false except for a reckless disregard for the truth, (2) where the issuing magistrate wholly abandoned his detached and neutral judicial role, (3) where the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, and (4) where the warrant is so facially deficient, i.e., fails to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid. Leon, 468 U.S. at 923, 104 S.Ct. at 3421. None of these factors exist in this case and there is no evidence that the police officer obtained the warrant in bad faith. Thus, there is no basis to exclude the evidence even if we were to find any deficiencies in the warrant.
Defendant also argues that the 20-day interval between the CI's tip in early June of 2000, and the filing of the affidavit in support of the search warrant on June 30, 2000, was too long. He contends that by June 30, 2000, probable cause supporting the warrant no longer existed.
In Casey, the Louisiana Supreme Court stated that "A warrant may become stale if facts and circumstances at the time of its execution show that probable cause no longer exists." Casey, 99-0023, p. 5, 775 So.2d at 1028. The Court cited State v. Tate, 407 So.2d 1133, 1137 (La.1981), which held that "staleness is only an issue when the passage of time makes it doubtful that *301 the object sought in the warrant will be at the place where it was observed." Id.
In this case, Agent Rayes met with the CI and conducted the controlled cocaine purchase within 48 hours of the day that the affidavit was signed and executed. Although the tip came in early June, the drugs were at the place where the CI said they would be. Thus, the facts and circumstances at the time of the execution of the warrant show that probable cause still existed for the warrant. Consequently, the warrant was not stale when it was executed.
PATENT ERROR
The record was reviewed for patent errors patent, in accordance with La.C.Cr.P. art. 920, State v. Oliveaux, 312 So.2d 337 (La.1975) and State v. Perrilloux, 99-1314 (La.App. 5th Cir.5/17/00), 762 So.2d 198.
The transcript reveals that the trial judge failed to advise the Defendant of the prescriptive period for post-conviction relief in accordance with La.C.Cr.P. art. 930.8. Although the commitment reflects otherwise, the transcript prevails. State v. Lynch, 441 So.2d 732, 734 (La.1983). Thus, we will remand the case with an order for the trial judge to send written notice within 10 days of the rendering of this opinion informing the Defendant that he has two years from the date the conviction and sentence become final to file his an application for post-conviction relief, then to file written proof in the record that the Defendant received the notice.[2]
Accordingly, we hereby affirm the Defendant's convictions and sentences. We remand the case with an order to the trial judge to send to the Defendant within 10 days from the rendering of this opinion, written notice informing the Defendant that he has two years from the date the conviction and sentence become final to file his an application for post-conviction relief, then to file written proof in the record that the Defendant received the notice.
CONVICTIONS AND SENTENCES AFFIRMED. CASE REMANDED.
NOTES
[1] Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).
[2] The trial judge also failed to include the denial of parole, probation, or suspension of sentence in the sentence, as required by La. R.S. 40:967(B)(4)(b). However, La.R.S. 15:301.1(A) deems that the required statutory restriction is contained in the sentence, and that no correction is needed. See also, State v. Calvert, 01-826 (La.App. 5th Cir.2/26/02), 811 So.2d 1081, 1085.