857 So.2d 1162 (2003)
STATE of Louisiana
v.
Keith LIPTON.
No. 2002-KA-162.
Court of Appeal of Louisiana, Fifth Circuit.
September 30, 2003.
*1163 Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Thomas J. Butler, Douglas W. Freese, Assistant District Attorneys, Gretna, LA, for Plaintiff-Appellee.
Bruce G. Whittaker, Louisiana Appellate Project, New Orleans, LA, for Defendant-Appellant.
Panel composed of Judges EDWARD A. DUFRESNE, JR., SOL GOTHARD and THOMAS F. DALEY.
EDWARD A. DUFRESNE, JR., Chief Judge.
On March 23, 2000, a grand jury for Jefferson Parish returned an 11-count indictment against defendant, Keith Lipton, and two others, Danon Barton and James Jenkins, alleging that they committed one count of conspiracy to commit armed robbery (LSA-R.S. 14:26 and 14:64); one count of aggravated burglary (LSA-R.S.14:60); two counts of armed robbery (LSA-R.S.14:64); one count of simple burglary (LSA-R.S.14:62); two counts of attempted armed robbery (LSA-R.S. 14:27 and 14:64); three counts of aggravated kidnapping (LSA-R.S.14:44); and one count of possession of stolen property valued at more than $1,000 (LSA-R.S.14:69). At the arraignment on March 27, 2000, defendant pled not guilty. The state subsequently amended the indictment to change the aggravated kidnapping charges to three counts of armed robbery.
On July 17, 2000, defendant withdrew his former pleas of not guilty, and pled guilty as charged to the amended indictment.[1] The trial judge then sentenced defendant to 49½ years on each count of armed robbery, conspiracy to commit armed robbery, and attempted armed robbery. The trial judge also sentenced defendant to 30 years for aggravated burglary, 12 years for simple burglary, and 10 years for possession of stolen property. All of the sentences were ordered to be served concurrently with each other.
The state thereafter filed a multiple offender bill of information to enhance count three of the indictment (armed robbery), alleging that the defendant was a second *1164 felony offender. After being advised of his rights, defendant stipulated to the allegations of the multiple bill. The trial judge vacated the previous sentence and imposed an enhanced sentence of 49½ years at hard labor without benefit of probation or suspension of sentence. Defendant now appeals, challenging the trial court's denial of his motion to suppress evidence.

FACTS
According to the indictment, the crimes occurred between August 9, 1999 and August 17, 1999 in Jefferson Parish. According to the factual basis recited by the prosecutor when defendant pled guilty, the charges stemmed from a conspiracy between defendant, Barton and Jenkins to commit armed robberies upon Asian people leaving Wal-Mart stores, believing these people would have cash that could be readily stolen. The prosecutor stated that around midnight on August 9, 1999, the three men followed an Asian woman and her son home, with Barton driving the car. Defendant and Jenkins entered the residence and robbed the occupants at gunpoint. Some of the people in the home were beaten during this incident.
The prosecutor further stated that, at approximately midnight on August 12, 1999, the trio broke into an Asian couple's car in a Wal-Mart parking lot and stole various items from the vehicle. When the victims exited the store, Barton pulled next to them, and Jenkins and defendant attempted to rob them at gunpoint. The couple fled into the store, however.
The prosecutor also recounted that, on August 14, 1999, the trio followed two Asian women home from Wal-Mart. While one of them remained outside the home, the other two men forced the women and an Asian man (Eric Tran) inside the home at gunpoint and demanded money. The third conspirator entered the house, after which $50,000 in cash, jewelry, and a bag belonging to Mr. Tran were taken. According to the prosecutor, Mr. Tran's bag was discarded a few blocks from defendant's home. Further, the prosecutor stated that defendant kept a necklace that was taken during the robbery, and the necklace was recovered after a search of defendant's residence.
Finally, the prosecutor stated that defendant, Barton and Jenkins used some of the stolen money to buy new cars. At the time of their arrest, defendant and Barton were in "possession of cash stolen during the course of their conspiracy."

ASSIGNMENT OF ERROR NUMBER ONE
On appeal, defendant contends that the trial court improperly denied his motion to suppress evidence. He specifically complains about evidence that was recovered pursuant to the execution of two search warrants. Defendant asserts that the applications for the search warrants for 1960 Elizardi Street and 13720 Pierre Court were issued without probable cause because the applications did not contain a nexus between the places sought to be searched and the property sought to be seized.
A person is constitutionally protected against unreasonable search and seizure of his house, papers and effects. Thus, a search and seizure of such shall only be made upon a warrant issued on probable cause, supported by oath or affirmation, and particularly describing the place to be searched and thing(s) to be seized. U.S. Const. amend IV; La. Const. art. I, § 5 (1974). State v. Casey, 99-0023 (La.1/26/00), 775 So.2d 1022, 1027. Probable cause sufficient to issue a warrant "exists when the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy *1165 information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched." State v. Johnson, 408 So.2d 1280, 1283 (La.1982); State v. Casey, 775 So.2d. at 1027-1028. The issuing magistrate must make a practical, common sense decision whether, given all the circumstances set forth in the affidavit, a fair probability exits that the evidence of a crime will be found in a particular place. Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The task of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. Illinois v. Gates, 462 U.S. at 239, 103 S.Ct. 2317, 76 L.Ed.2d 527; State v. Byrd, 568 So.2d 554, 559 (La. 1990); State v. Davis, 92-1623 (La.5/23/94), 637 So.2d 1012, cert. denied, 513 U.S. 975, 115 S.Ct. 450, 130 L.Ed.2d 359 (1994).
We must now determine whether the magistrate had a substantial basis for concluding that probable cause existed. In the present case, the affidavit in support of 1960 Elizardi Street sought among other things, specifically described jewelry, a large amount of currency, a red purse, and any cellular phone records. Affiant, a New Orleans police officer, and co-affiant, Detective Bryan McGregor, related that on Monday, August 9, 1999, Kenner Police Officers were dispatched to 3432 East Loyola Drive in Kenner in reference to a residential burglary. The victim related to one of the Kenner officers that he heard the doorbell and opened the door. Thereafter, three black males forcibly entered the home at gunpoint. The men forced the victims to lie on the floor, threatened to kill them, and began beating them. They demanded money and continued to beat them until the victims complied. The men then ransacked the home and took money, jewelry, purses, checkbooks, and wallets.
The affiant related that, on August 10, 1999, one of the victims told Detective McGregor (co-affiant) that she had found a cellular telephone that did not belong to any of the residents in the house. On August 12, 1999, a subpoena duces tecum was served on Prime Co., the cellular phone provider. On August 16, 1999, Detective McGregor learned that the cellular subscriber of the telephone found in the victims' home was "Keith D. Lipton, street address: 1960 Elizardi Street" in New Orleans.
Upon conducting a criminal history check, Detective McGregor learned that Lipton had 11 felony arrests, including three for burglary of an inhabited dwelling. Detective McGregor displayed a photographic lineup containing defendant's photograph to one of the victims, who positively identified Keith Lipton as one of the perpetrators. The affiant further related that Keith Lipton had been arrested on August 9, 1999 for a traffic violation and was driving a vehicle registered to a Denise Young, with an address of 1960 Elizardi Boulevard in New Orleans. The affiant noted that this was the same address that Lipton used to obtain the Prime Co. telephone.
With regard to this affidavit, we find that there is a sufficient connection between the place searched and the items sought. The Elizardi Street affidavit indicates that the defendant used that address to obtain the cellular phone that was found in the victims' residence the day after the armed robbery. Further, the affidavit indicates that the defendant was arrested in a vehicle that was registered to a person at the Elizardi Street address. Based on this, as well as the other information contained in the affidavit, the magistrate could have reasonably concluded that the defendant *1166 was likely to keep the sought-after property, including his cellular phone records, as well as the spoils from the crimes and firearms used to commit the crimes, at the Elizardi Street residence.
Defendant also complains about the search conducted at 13720 Pierre Court. The affidavit in support of that search warrant sought a number of objects including specifically described items of jewelry and a large amount of currency. The affiant, a New Orleans Police Officer, related that, on August 14, 1999, at approximately 12:51 a.m., Kenner Police Officers were dispatched to 4168 Montrachet Drive in Kenner in reference to an armed robbery. The affiant related that one of the victims, Eric Tran, told the responding officers that three black males armed with handguns approached him and his wife in their driveway when they exited their car. After forcing the victims inside their residence at gunpoint, the men robbed "everyone" in the residence of cash and jewelry. According to the affidavit, approximately $50,000 in cash was taken in addition to a "large amount" of jewelry. The affiant related that Keith Lipton was arrested by the New Orleans Police Department on August 17, 1999 on an outstanding Kenner warrant for armed robbery, aggravated burglary, false imprisonment, and possession of a firearm by a convicted felon. According to the affidavit, Lipton was also under investigation for the instant robbery and had $2,000 in cash on his person when arrested. The affidavit continued as follows:
Danon Barton, an associate of Keith Lipton, and the driver of a 1992 Mercury Cougar that Keith Lipton was arrested in, was interviewed in reference to the Armed Robbery of Mr. Tran. It should be noted that Danon Barton had $1,445.00 cash in his possession at the time he was interviewed.
Danon Barton provided a taped voluntary statement stating that on August 13, 1999, at approximately 1900 hours Lipton borrowed his vehicle to commit an Armed Robbery in Kenner. On August 14, 1999, at approximately 0100 hours Keith Lipton returned with Danon Barton's vehicle and stated to Danon Barton that he just robed [sic] an Asian family in Kenner. Keith Lipton then gave Danon Barton $2500.00 for letting him borrow his car for the robbery. Danon Barton then drove Keith Lipton to Keith Liptons [sic] mother's residence located at 13720 Pierre Court, New Orleans, La.
Danon Barton also stated that the $1445.00 he had in his possession was given to him by Keith Lipton as Keith Lipton entered Danon Barton's vehicle just before Keith Lipton was arrested by the New Orleans Police Department. Keith Lipton handed Danon Barton the $1,445.00 and told him drive him to Mississippi.
Danon Barton also stated that on August 14, 1999, at 1400 hours, several hours after the Armed Robbery of Mr. Tran, Keith Lipton, Danon Barton, and James Jenkins each purchased a vehicle valued at more than $3,500.00 each vehicle, and paid for the vehicles with cash.
Keith Lipton used the address of 13720 Pierre Court, New Orleans, La., for his temporary registration and sales receipt of the vehicle he purchased.
We likewise find that the information contained in this affidavit provided a sufficient connection between the place searched and the items sought. According to the Pierre Court affidavit, Danon Barton said in a recorded statement that he brought Lipton to that residence at 1:00 a.m. on August 14, 1999, after Lipton told him he had committed an armed robbery of an Asian family in Kenner and Lipton *1167 paid Barton for the use of Barton's car during the robbery. Further, Lipton used the Pierre Court address when purchasing a vehicle later on August 14, 1999. Based on this information, a magistrate could have reasonably concluded that the defendant was likely to keep the sought-after property, including the items taken in the robbery and the gun used during the robbery, at the Pierre Court residence.
Based on the foregoing discussion, we find that the information in the affidavits provided a substantial basis for the magistrate to conclude that probable cause exited to issue the search warrants. Accordingly, the trial judge did not err in denying defendant's motion to suppress evidence. This assigned error is without merit.

ASSIGNMENT OF ERROR NUMBER TWO
Defendant also requests that this court review the record for errors patent. LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). Our review reveals an error in sentencing.
After imposing the original sentences, the trial judge pronounced that the "sentence is without benefit of probation, parole or suspension of sentence." However, not all of the offenses for which defendant was sentenced could be imposed without benefits. In particular, the sentences for counts two, five and eleven (aggravated burglary, simple burglary, and illegal possession of stolen things), are illegal because the respective statutes, LSA-R.S. 14:60, 14:62(B); 14:69(B)(1), do not permit a trial judge to impose the sentences without benefit of parole, probation or suspension of sentence. Therefore, we amend the sentences to delete the restrictions on benefits and order the trial court to correct the commitment accordingly. State v. Gordon, 00-1013 (La.App. 5 Cir. 11/27/01), 803 So.2d 131, 151, writ denied, 2-0209 (La.2/14/03), 836 So.2d 134.
For the reasons set forth herein, we affirm defendant's convictions and sentences. The matter is remanded to the trial court with instructions to correct the commitment in accordance with this opinion.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] Defendant pled guilty pursuant to State v. Crosby, 338 So.2d 584 (La.1976), thus reserving his right to appeal the trial court's denial of his motion to suppress.