STEPHEN J. WINDHORST, Judge.
^Defendant, Lloyd Richard, was convicted of attempted second degree murder in violation of La. R.S. 14:27:30.1 (count one) and aggravated burglary in violation of La. R.S. 14:60 (count two). Defendant was sentenced on count one to 50 years at hard labor without benefit of parole, probation, or suspension of sentence, and on count two to a consecutive 30-year sentence at hard labor without benefit of parole, probation, or suspension of sentence. Defendant appeals his convictions and sentences.
FACTS
In the early morning hours of January 26, 2008, Ms. Alonda Dennis, the victim, had finished her night shift at St. James Hospital, where she worked from 6:00 p.m. to 6:00 a.m. After stopping at a grocery store, she arrived home at 7:04 a.m., and as she put her groceries away, she noticed that her kitchen knife was not in the kitchen, but thought nothing further. After eating a sandwich, she retired to bed and fell asleep, wrapped in her comforter. She was awakened by a black male | ^standing over her. The intruder wore a black skull cap on his head, a red bandana over his face, and gloves. The intruder jumped on her back and began trying to stab her with a knife. The victim jumped up, throwing her assailant off of her and dislodging the knife from his hand. She screamed and attempted to run away. He threw her to the floor, jumped on her back, and began punching her in the head. While receiving blows upon her head and struggling with her assailant, the victim asked her assailant, “Why you want to kill me?” He did not respond and continued beating her. As the struggle ensued, the victim managed to turn and observe her assailant’s face, by then uncovered, and she instantly recognized him.[1]
The assailant grabbed a cord from a hairdryer nearby and attempted to place it around the victim’s neck. In an effort to keep the cord off her neck, she squeezed her assailant’s genitals, and he ran from the room. The victim then locked her bedroom door, jumped out the window, and called “9-1-1” for help.
At 8:24 a.m., Deputies Evans Joseph and Donald Hawthorne of the St. James Parish Sheriffs Office responded to the call and arrived on the scene at 9202 Central Project Street in Convent, Louisiana. They observed a female standing outside an opened window in just her bra and underwear with a bloody nose and cuts on her chin and lips. The female identified herself as Alonda Dennis and told the officers that she woke up to find Lloyd Richard in her bedroom with a knife. Deputy Joseph secured the victim in the backseat of his car while Deputy Hawthorne and he searched the premises for the suspect. In the rear of the residence, a sliding door was open, which appeared to be the suspect’s entry and exit point. The officers requested medical assistance, and an ambulance soon arrived on the scene and transported the victim to the hospital.
14Lieutenant Tyrone LaFarge arrived on the scene and learned that the suspect *89 resided two streets over on Field Street. Lieutenant LaFarge proceeded to that residence where he spoke with Ms. Anna Canard, who also resided there. Ms. Canard informed the officers that she did not know where defendant was at the moment, but that he resided in one of the back rooms, and that they were welcome to look for him. The officers searched the residence and defendant’s room, but defendant was not present. Lieutenant LaFarge left the residence and began to search for defendant in another area. Deputy Edwin Whittington remained stationed on Field Street, where he observed a black male exit a nearby trailer and proceed toward defendant’s house. The deputy notified the lieutenant, who returned and again obtained permission from Ms. Canard to search the residence. This time, the door to defendant’s room was locked and the officers heard noise coming from inside the room. Lieutenant LaFarge ordered defendant to come out, but there was no response. Another deputy issued the order again, and the defendant opened the door and stepped out. The officers observed a scratch under defendant’s left eye and a cut on his left index finger. Defendant was detained and advised of his Miranda [2] rights.
Detective Claude Joseph Louis, Jr., obtained a taped statement from the victim and collected evidence from her residence which included one pair of white gloves with black dots, one black skull cap, one pair of red and white Nike shoes (size 9 1/2), and a 13-inch black-handled knife. The victim initially told Detective Louis that these items were not hers and did not belong in her residence. However, at trial the victim testified that the knife reeov-ered from her bedroom was her kitchen knife.
|¡iForensic DNA analysis was performed on several of these items. Ms. Deanna Lankford, an expert in the fields of forensic biology, DNA, and DNA analysis, testified that the DNA profile obtained from the black skull cap was consistent with defendant’s DNA profile. She testified that the inside of the gloves contained genetic material from which the victim and defendant could not be excluded as possible donors. The outside of the gloves also contained genetic material which was consistent with the DNA profile of the victim and an unidentified male contributor. Lastly, Ms. Lankford testified that the genetic material found in two swabs from the knife contained a minimum of two genetic profiles. At least one of the profiles was that of an unidentified male, and the victim could not be excluded as a possible donor of this genetic material.
ASSIGNMENTS OF ERROR
In defendant’s first assignment of error, he argues that his right against double jeopardy was violated because the State utilized the same evidence to support both of his convictions. Defendant contends the evidence used to prove attempted second degree murder was the same evidence used to prove the aggravated burglary element of “with the intent to commit a felony or theft therein.” He maintains that because the only felony which he was alleged to have committed in the home was attempted murder, his right against double jeopardy precludes using the evidence of the attempted murder to support the aggravated burglary intent element.[3]
*90 The Fifth Amendment to the United States Constitution, as well as Article 1, § 15 of the Louisiana Constitution, prohibits placing a person twice in jeopardy of life or limb for the same offense. State v. Garcia, 10-755 (La.App. 5 Cir. 5/10/11), 66 So.3d 24, 27. The concept of double jeopardy, under both the federal and state constitutions, embodies the dual purpose of preventing both multiple punishments and multiple convictions for a single criminal wrong. Id. Thus, every double jeopardy analysis begins with the inquiry into whether a single offense or several offenses are involved. Id.
Louisiana courts utilize two tests in examining violations of double jeopardy. Garcia, supra at 27. The “distinct fact” or Blockburger[4] test is applicable where the same act or transaction constitutes a violation of two distinct statutory provisions. Id. Using Blockburger, “the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact that the other does not.” Id.
The other test, the “same evidence test,” is primarily relied upon by Louisiana courts. Garcia, supra. The Louisiana Supreme Court explained the “same evidence test” as follows:
If the evidence required to support a finding of guilt of one crime would also have supported conviction of the other, the two are the same offense under a plea of double jeopardy for only one. The test depends on the evidence necessary for conviction, not all evidence introduced at trial. Id. (citing State v. Steele, 387 So.2d 1175, 1177 (La.1980)).
The “same evidence test” is slightly broader in concept than Blockburger, and centers on the idea that one should not be punished twice for the same course of conduct. Garcia, supra. Rather, if the evidence required to support a finding of guilt of one crime would also support a conviction for another offense, the defendant can be placed in jeopardy for only one of the two. State v. Sandifer, 95-2226 (La.9/5/96), 679 So.2d 1324, 1329. Conversely, if one offense requires proof of additional facts which the other does not, then the accused may be tried |7and convicted on both offenses unless the gravamen of the second offense is essentially included within the offense for which he was first tried, in which case the second prosecution is barred because of former jeopardy. State v. Solomon, 379 So.2d 1078, 1079 (La.1980).
In this case, the defendant, Lloyd Richard, was charged with and convicted of aggravated burglary and attempted second degree murder. Although the bill of information does not specify whether defendant was charged with attempting a felony murder under La. R.S. 14:30.1(A)(2), or a specific intent killing under La. R.S. 14:30.1(A)(1), we conclude that defendant was charged with attempting a specific intent killing since there is no such crime as attempted second degree felony murder because attempted second degree murder requires a specific intent to kill, which is inconsistent with the felony murder theory of La. R.S. 14:30.1(A)(2). State v. Landfair, 07-751 (La.App. 5 Cir. 3/11/08), 979 So.2d 619, 622, writ denied, 08-1143 (La.1/9/09), 998 So.2d 713.
Second degree murder is defined in La. R.S. 14:30.1(A)(1) as the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm. To prove an attempted second degree murder, the State must establish, beyond a reasonable doubt, that the defendant specifically intended to kill a human *91 being and that he committed an overt act in furtherance of that goal. State v. Brumfield, 04-552 (La.App. 5 Cir. 10/26/04), 887 So.2d 554, 557.
Aggravated burglary is defined in La. R.S. 14:60 as the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender: (1) is armed with a dangerous weapon; or (2) after entering arms himself with a dangerous weapon; or (3) commits a battery upon any person while in such place, or in entering or leaving such place. In order to prove aggravated |8burglary, the State must prove beyond a reasonable doubt that the defendant made an unauthorized entry into an inhabited dwelling with the intent to commit a felony or theft. State v. Manning, 44,403 (La.App. 2 Cir. 6/24/09), 15 So.3d 1204, 1210, writ denied, 09-1749 (La.4/5/10), 31 So.3d 355. Completion of the intended felony or theft is not a necessary element of a burglary; the mere unauthorized entry with the intent to do so suffices. In addition, the State must prove beyond a reasonable doubt the existence of one of the three aggravating factors. Id.
Defendant argues that his right against double jeopardy was violated because the same evidence was required to support both of defendant’s convictions. He contends that the evidence supporting defendant’s attempted murder conviction was the same evidence used to satisfy the aggravated burglary element of “with the intent to commit a felony or any theft therein.” Defendant contends that because there was no evidence that a theft was committed since nothing was taken from the victim’s home, defendant did not intend to commit a theft. Hence, the aggravated burglary must be supported by the intent to commit a felony. Since the evidence indicates defendant attempted to kill the victim, the only felony defendant must have intended was murder.
We disagree. Defendant’s argument focuses on the lack of evidence of a theft, but the lack of evidence of an actual theft does not necessarily mean that defendant did not intend to commit a theft. In this case, the jury could have reasonably concluded from the evidence that defendant entered with the specific intent to commit a theft therein, but did not complete the intended theft, perhaps because the victim was home, or because of her vigorous resistance.
Specific intent is a state of mind, and as such, need not be proven as a fact but may be inferred from the circumstances and actions of the defendant. State v. Poupart, 11-710 (La.App. 5 Cir. 2/28/12), 88 So.3d 1132, 1138, writ denied, 12-705 (La.10/8/12), 98 So.3d 867. The victim, Ms. Dennis, testified that in the days leading up to January 26, 2008, she had seen defendant riding a bicycle around her residence, appearing, in her opinion, to case it for a burglary.
There is also evidence from which the jury could have concluded that defendant entered with the specific intent to commit a felony other than the murder of the victim. The defendant entered the victim’s home masked and wearing gloves. At this point, the jury could have reasonably concluded that defendant’s intentional concealment of his face and fingerprints was evidence that defendant intended to commit some felony or theft once inside, without any evidence of the attempted murder which followed. The Louisiana Supreme Court has recognized that the crime of burglary is complete upon the unauthorized entry with the intent to commit the crime, whereas the intended crime does not occur until actually committed. *92 State v. Solomon, 379 So.2d 1078 (La.1980).[5]
Considering the totality of evidence at trial, it would not be unreasonable for a jury to conclude that defendant intended to commit a theft. Furthermore, from defendant’s actions in entering the victim’s home masked and arming himself, it would not be unreasonable to conclude that defendant intended to commit any number of felonies other than murder, such as aggravated assault, aggravated battery, aggravated rape, other crimes of personal violence, or other felonies.
We do not find that the evidence used to prove defendant’s attempted murder conviction was also required to prove the burglary element “with the intent | l0to commit a felony or any theft therein.” The Louisiana Supreme Court has recognized that specific criminal intent to commit a felony or theft may be inferred from the circumstances, as long as there is some evidence that the defendant actively desired to commit a felony or theft. See State v. Ricks, 428 So.2d 794, 796 (La.1983).[6] Considering the evidence of defendant’s behavior after unlawfully entering the victim’s residence, it is reasonable to infer and conclude that defendant had the specific intent to commit a theft or felony exclusive of the attempted murder, and without additional evidence, such as a completed crime, as defendant contends. When evidence at trial of one crime is not needed to prove an element of another crime, or when an accused commits separate and distinct offenses during the same criminal episode or transaction, the offender may be prosecuted and convicted for each offense without violating the prohibition against double jeopardy.
Garcia, supra, is completely distinguishable from the present case. In Garcia, the defendant was convicted of attempted first degree murder, which required proof of one of several aggravating circumstances. The aggravating circumstance which the State proved was that the attempted murder occurred while in the commission of an armed robbery. Thus, armed robbery and the complete evidence thereof was an element of the offense of attempted first degree murder. The same evidence and *93 facts proved the armed robbery of which Garcia was also convicted. It was therefore clear that the same facts and evidence which proved the same elements of armed robbery for the purpose of convicting Garcia of attempted second degree murder could not be used to convict Garcia of a second crime, the |narmed robbery itself. It is well-settled that double jeopardy precludes conviction of felony murder or attempted felony murder, and also of the underlying felony.
In the present case, commission of an attempted second degree murder is not an element of the aggravated burglary; only the intent to commit a felony or theft is necessary. When the defendant entered the residence with the intent to commit a felony or theft (as the jury concluded), the crime of aggravated burglary was complete. Subsequent acts constituting attempted second degree murder were “distinct facts” constituting a separate crime not precluded by the double jeopardy prohibition. Further, because the element of intent to commit a felony is distinct from commission of the felony, evidence of defendant’s intent to commit second degree murder, or the attempt thereof, could be used to satisfy that element of burglary without precluding prosecution of the attempted second degree murder itself. See also State v. Bridgewater, 98-658, 726 So.2d 987 (La.App. 5 Cir. 12/16/98), in which convictions for both aggravated burglary and for the armed robbery which occurred during the unauthorized entry did not constitute double jeopardy.
We therefore conclude that defendant’s aggravated burglary and attempted second degree murder convictions are not based on the same conduct, but were two separate and distinct offenses committed during the same criminal episode. Evidence of the crime of aggravated burglary was sufficient when defendant entered the victim’s home masked and armed himself with a knife. The attempted murder did not occur until defendant actually attacked the victim. These were two separate and distinct offenses, supported by corresponding separate and distinct facts. The evidence required to support defendant’s attempted murder conviction, which was defendant’s attempts to stab and strangle the victim, would not have been sufficient to convict defendant of aggravated burglary, where aggravated 112burglary requires additional elements such as an unauthorized entry. Likewise, the evidence required to support defendant’s aggravated burglary conviction, which was defendant’s unauthorized entry with a felonious intent, evidenced by his being masked and arming himself with a knife, would not have been sufficient to convict defendant of attempted murder, which requires a specific intent to kill. In this case, defendant could have been convicted of either offense without evidence of the other. Pursuant to the “same evidence test,” we find that defendant was neither convicted nor punished twice for the same conduct. Compare State v. Archield, 09-1116 (La.App. 3 Cir. 4/7/10), 34 So.3d 434, writ denied, 10-1146 (La.5/20/11), 63 So.3d 972.[7]
Accordingly, we find that defendant’s attempted second degree murder conviction does not bar a conviction of aggravated *94 burglary on the grounds that the defendant would be placed twice in jeopardy for the same offense. This assignment of error lacks merit.
In his second assignment of error, defendant argues that the trial court erred in imposing sentence on his aggravated burglary conviction without benefit of parole. We agree.
At the time of the offense, La. R.S. 14:60 provided: “Whoever commits the crime of aggravated burglary shall be imprisoned at hard labor for not less than one nor more than thirty years.”
At sentencing, the court stated:
[I]t is the sentence of this Court that Lloyd Richard be committed to the Louisiana Department of Corrections for 50 years at hard labor for the offense of attempted second degree murder and 30 years at hard labor for the offense of aggravated burglary, to run consecutive with |1seach other. The sentence is to be without benefit of parole, probation, or suspension of sentence but with credit for time served.
Since the trial court in this case restricted the benefits on defendant’s aggravated burglary sentence in contravention of La. R.S. 14:60, we amend the sentence to delete the restrictions on benefits, and order the trial court to correct the commitment. La.C.Cr.P. art. 882; State v. Lipton, 02-162, (La.App. 5 Cir. 9/30/03), 857 So.2d 1162, 1163, writ denied, 03-3058 (La.2/20/04), 866 So.2d 818.[8] We further remand this matter and order the clerk of the trial court to transmit the original of the corrected commitment to the officer in charge of the institution to which defendant has been sentenced. La.C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).
In defendant’s third assignment of error, he argues that the trial court erred in imposing his sentences consecutively. This Court has held that the failure to file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a bare review of the sentence for constitutional excessiveness. State v. Hunter, 10-552 (La.App. 5 Cir. 1/11/11), 59 So.3d 1270, 1272; State v. Alvarez, 08-558 (La.App. 5 Cir. 8/31/10), 47 So.3d 1018, 1022; State v. Fuller, 07-319 (La.App. 5 Cir. 2/19/08), 980 So.2d 45, 50, writ denied, 08-0705 (La.10/10/08), 993 So.2d 1282. This Court has also held that when the consecutive nature of sentences is not specifically raised in the trial court, then the issue is not included in the bare constitutional excessive review, and the defendant is precluded from raising the issue on appeal. State v. Escobar-Rivera, 11-496 (La.App. 5 Cir. 1/24/12), 90 So.3d 1, 8, writ denied, 12-0409 (La.5/25/12), 90 So.3d 411; State v. Jacobs, 07-887 (La.App. 5 Cir. 5/24/11), 67 So.3d 535, 593, writ denied, 11-1753 (La.2/10/12), 80 So.3d 468, cert. denied, Jacobs v. Louisiana, — U.S. -, 133 S.Ct. 139, 184 L.Ed.2d 67 (2012); State v. Williams, 10-265 (La.App. 5 Cir. 11/9/10), 54 So.3d 98, 103. The record in this case reflects that defendant failed to file a motion to reconsider sentence and failed to *95 specifically object to the consecutive nature of his sentences. Accordingly, we find that defendant is not entitled to review of the consecutive nature of his sentences on this appeal.
To the extent defendant challenges the constitutional excessiveness of his sentences, we consider the following. The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. Although a sentence is within statutory limits, it can be reviewed for constitutional excessiveness. State v. Smith, 01-2574, (La.1/14/03), 839 So.2d 1, 4. A sentence is considered excessive if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering. Id. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Lawson, 04-334, (La.App. 5 Cir. 9/28/04), 885 So.2d 618, 622.
A trial judge has broad discretion when imposing a sentence and a reviewing court may not set a sentence aside absent a manifest abuse of discretion. State v. Dorsey, 07-67, (La.App. 5 Cir. 5/29/07), 960 So.2d 1127, 1130. The issue on appeal is whether the trial court abused its discretion, not whether another sentence might have been more appropriate. Id. The appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed. State v. Pearson, 07-332, (La.App. 5 Cir. 12/27/07), 975 So.2d 646, 656. In reviewing a trial court’s sentencing discretion, three factors are considered: (1) the nature of the lacrime; (2) the nature and background of the offender; and (3) the sentence imposed for similar crimes by the same court and other courts. Pearson, Id. at 656.
Defendant’s sentence is within the statutory limits. At the time of the offenses, La. R.S. 14:60 provided: “Whoever commits the crime of aggravated burglary shall be imprisoned at hard labor for not less than one nor more than thirty years.” Defendant was sentenced to 30 years on his aggravated burglary conviction. La. R.S. 14:30.1 provided: “Whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.” La. R.S. 14:27(D)(l)(a) provided: “If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not less than ten nor more than fifty years without benefit of parole, probation, or suspension of sentence.” Defendant was sentenced to 50 years on his attempted second degree murder conviction.
Considering the nature of the crime, the record reflects that defendant committed a premeditated act, as evidenced by his attempts to obscure his identity, and broke into the victim’s home, armed himself, and violently attacked the victim.
The next factor is the nature and background of defendant and his criminal history. The pre-sentence investigation report indicates that the defendant’s criminal history is extensive, dating back to 1979, including numerous crimes against the person and several crimes of violence.
Lastly, similar sentences have been upheld for similar crimes by this court and other courts. See for example State v. Williams, 11-0414 (La.App. 4 Cir. 2/29/12), 85 So.3d 759, 762, writ denied, 12-0708 (La.9/21/12), 98 So.3d 326 and State v. Robicheaux, 03-1063 (La.App. 5 Cir. 12/30/03), 865 So.2d 149, writ denied, 04-0381 (La.6/25/04), 876 So.2d 830.
lifiWe find that the record supports the sentences imposed and that the trial court *96 did not abuse its discretion in imposing these sentences. This allegation of error lacks merit.
ERROR PATENT DISCUSSION
We have reviewed the record for errors patent, according to La. C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The review reveals no errors patent in this case.
CONCLUSION
For the above discussed reasons, we affirm the defendant’s convictions. We further affirm the defendant’s sentence of 50 years without benefit of probation, parole or suspension of sentence for his conviction for attempted second degree murder. We amend his 30 year sentence for aggravated burglary to delete the restrictions on benefits, and as amended, affirm the sentence. We further remand this .matter to order the trial court to transmit the original of the corrected commitment to the officer in charge of the institution to which defendant has been sentenced.

CONVICTIONS AFFIRMED; SENTENCE AFFIRMED IN PART, AMENDED IN PART, AND AS AMENDED, AFFIRMED. CASE REMANDED.

MURPHY, J., dissents with reasons.

. Defendant was known to the victim because he had dated her sister.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. The State, in brief, concedes to defendant’s argument. Despite the State’s concession, we address this issue and find it without merit.

. Blockburger v. U.S., 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932).

. In Solomon, the Louisiana Supreme Court was faced with the issue of whether the defendant’s convictions of simple burglary and theft constituted double jeopardy. The defendant had broken into a police officer’s vehicle and stolen a watch. Id.., 379 So.2d at 1079. The court applied the "same evidence” test and concluded that there was no double jeopardy violation. Id., 379 So.2d at 1079-80. The court explained "... that the exact same evidence is not required for a conviction of the defendant on both the burglary and theft charges because a conviction of burglary requires the additional proof of an unauthorized entry with the intent to commit a felony or theft therein." Id. The court found that the two charges were not based on the exact same conduct, explaining that ”[t]he crime of burglary was completed upon entry into the car with the intent to commit the theft therein, whereas the theft did not occur until the defendant actually took the watch from the glove compartment.” Id., 379 So.2d at 1080. The court concluded ”[t]his distinction makes it clear that the burglary of the automobile and the theft of the watch were two separate and distinct offenses and therefore, the conviction of one would not bar a conviction on the other on the grounds that the defendant would be placed twice in jeopardy for the same offense.” Id.

. In Ricks, the defendant’s conviction of attempted simple burglary of an inhabited dwelling was overturned by the Louisiana Supreme Court on the grounds that there was no evidence to indicate the defendant had the intent to commit a felony or theft therein when the defendant was unarmed, carried no burglary tools, and did not steal or attempt to steal anything. Id., 428 So.2d at 795-97. In this case, unlike Ricks, defendant, who was masked, armed himself upon entering the victim’s residence, from which a jury could conclude that the requisite intent existed.

. In Archield, the defendant was convicted of aggravated rape and aggravated burglary. In that case, the defendant entered the house, without permission, hit the victim and held a vase over her head and threatened to hit her with it. He then sexually assaulted her. On appeal, the court found no violation of double jeopardy, finding that the defendant could have been convicted of aggravated rape without proof that an aggravated burglary occurred and that he could have been convicted of aggravated burglary without proof that the rape occurred.

. In Lipton, the defendant pled guilty to one count of aggravated burglary, in addition to ten other offenses. At sentencing, after imposing sentence on each count, the trial judge pronounced that the "sentence is without benefit of probation, parole or suspension of sentence.” Id., at 1167. On appeal, this Court noted that not all of the offenses, in-eluding aggravated burglary, could be imposed without benefits. Id., at 1167. As a result, the court found the sentence on the aggravated burglary conviction, in addition to some others, was illegal, amended the sentences to delete the restrictions on benefits, and ordered the trial court to correct the commitment. Id., at 1167.