HANS J. LILJEBERG, Judge.
| ^Defendant, Joey P. Griffin, appeals his conviction and sentence for violation of La. R.S. 14:65. For the following reasons, we affirm defendant’s conviction and defendant’s sentence as amended.

Procedural History

On October 19, 2012, the Jefferson Parish District Attorney filed a bill of information charging defendant with simple *380 robbery in violation of La. R.S. 14:65.[1] On April 24, 2013, defendant pleaded not guilty at arraignment. On May 30, 2013, defendant withdrew his plea of not guilty and entered a plea of guilty. Defendant then waived sentencing delays, and the trial court sentenced him to five years imprisonment with the Department of Corrections.[2]
That same day, the State filed a multiple offender bill of information, alleging defendant to be a second felony offender. Defendant stipulated to the |smultiple bill. The court then vacated the original sentence and imposed an enhanced sentence of five years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.[3]
The trial court granted defendant’s motion for appeal on July 18, 2013.[4]

Factual History

Because this case was resolved without defendant proceeding to trial, the facts underlying the crime are not fully developed in the record. However, at the plea colloquy, the State offered the following factual basis for defendant’s guilty plea:
On the date specified in the bill of information, ... the victim had won some money at video poker, at an establishment, went into the bathroom, and was attacked by [defendant] and Carlos Val-divieso, ... where he was forced to surrender his winnings and some other money.

Anders Brief

Under the procedure set forth in State v. Benjamin, 573 So.2d 528, 530 (La.App. 4 Cir.1990),[5] appointed appellant counsel has filed an Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241, 242 (per curiam), asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, appointed counsel requests to withdraw as counsel of record.

Discussion

In Anders, supra, the United States Supreme Court stated that appointed appellate counsel may request permission to withdraw if she finds her case to be 14wholly frivolous after a conscientious examination of it.[6] The request must be accompanied by “ ‘a brief referring to anything in the record that might arguably support the appeal’ ” so as to provide the reviewing court “with a basis for determining whether appointed counsel have fully performed their duty to support their *381 clients’ appeals to the best of their ability” and to assist the reviewing court “in making the critical determination whether the appeal is indeed so frivolous that counsel should be permitted to withdraw.” McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 439, 108 S.Ct. 1895, 1902, 100 L.Ed.2d 440 (1988).
In State v. Jyles, 96-2669 at 2, 704 So.2d at 241, the Louisiana Supreme Court stated that an Anders brief need not tediously catalog every meritless pretrial motion or objection made at trial with a detailed explanation of why the motions or objections lack merit. The supreme court explained that an Anders brief must demonstrate by full discussion and analysis that appellate counsel “has cast an advocate’s eye over the trial record and considered whether any ruling made by the trial court, subject to the contemporaneous objection rule, had a significant, adverse impact on shaping the evidence presented to the jury for its consideration.” Id.
When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel’s motion to withdraw and affirm the defendant’s conviction and sentence. However, if the court finds any legal point arguable on the merits, it may either deny the motion and order the | .^court-appointed attorney to file a brief arguing the legal point(s) identified by the court, or grant the motion and appoint substitute appellant counsel. Id.
Defendant’s appellate counsel asserts that after a detailed review of the record, she could not find any non-frivolous issues to raise on appeal. She notes that during defendant’s plea colloquy, no issues were preserved for appellate review. The State likewise contends that appellate counsel has demonstrated a diligent, complete, and thorough description of the procedural history of the case and that, based on an adequate opportunity to conscientiously review and fully research the case, counsel determined there were no significant non-frivolous issues upon which to base an appeal. Consequently, the State requests that this Court grant counsel’s request to withdraw and affirm defendant’s conviction and sentence. ,
On October 11, 2013, appellate counsel sent defendant a letter notifying him of his case’s lack of appealable issues, her intent to withdraw, and his right to file a pro se brief. This Court also sent defendant a letter by certified mail informing him that an Anders brief was filed on his behalf and that he had until November 11, 2013, to file a pro se supplemental brief. On November 22, 2013, defendant filed a pleading seeking to review the record and filed a supplemental brief. In an Order rendered on November 26, 2013, this Court ordered that defendant be provided with a copy of the record and allowed him until December 26, 2013, to file a supplemental pro se brief. Defendant failed to file a pro se brief.
An independent review of the record supports appellate counsel’s assertion that there are no non-frivolous issues to be raised on appeal. However, there is one defect that appears to require corrective action that is addressed in the error patent discussion, infra.
| (¡First, the bill of information in this case properly charged defendant and presents no non-frivolous issues supporting an appeal. As required, it plainly, concisely, and definitely states the essential facts constituting the offense charged. It also *382 sufficiently identifies defendant and the crime charged. See generally La.C.Cr.P. arts. 464-66.
Second, as reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him. He was present for his arraignment, guilty plea, original sentencing, multiple offender proceeding, and multiple offender sentencing. As such, defendant’s presence does not appear to present an issue that would support an appeal.
Third, defendant’s guilty plea on the original bill and his stipulation to the multiple bill were properly obtained. He was advised of and waived his rights in regard to both. Regarding his guilty plea, defendant was advised that by pleading guilty he was waiving, among other things, his right to trial by jury, his right of confrontation, and his right against self-incrimination. Regarding his stipulation to the multiple bill, defendant was informed of the allegation contained in the bill, and that by stipulating to the allegation, he waived his right to a hearing thereupon. He was also advised that a stipulation would waive his right to remain silent at the hearing.
Last, defendant’s enhanced sentence presents one issue that is addressed in the error patent discussion, infra. Other than this, defendant’s sentence does not present any other issues for appeal. His original sentence and his enhanced sentence were both within the sentencing ranges prescribed by statute. See La. R.S. 14:65 and 15:529.1. In any event, appellate review of his sentences is precluded since they were imposed pursuant to plea agreements. See La.C.Cr.P. art. 881.2(A)(2); State v. Washington, 05-211 (La.App. 5 Cir. 10/6/05), 916 So.2d_[2ll71, 1173. Plus, if a defendant pleads guilty, he normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea, which precludes review of such defects either by appeal or post conviction relief.[7] State v. Wingerter, 05-697 (La.App. 5 Cir. 3/14/06), 926 So.2d 662, 664. Moreover, a stipulation to a multiple bill bars a defendant from asserting on appeal that the State failed to produce sufficient proof at the multiple bill hearing. See State v. Schaefer, 97-465 (La.App. 5 Cir. 11/25/97), 704 So.2d 300, 304.
Because appellant counsel’s brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal and an independent review of the record supports counsel’s assertion, we grant appellate counsel’s motion to withdraw as attorney of record.

Error Patent Discussion

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); and State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990).
A review of the record reveals that defendant’s enhanced sentence is illegal on account of its improper restriction of defendant’s parole eligibility. As a second felony offender, defendant was sentenced to five years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. This violates La. R.S. 15:529.1(G), which, at the time of the offense,[8] provided that a sentence imposed *383 under La. R.S. 15:529.1 “shall be without benefit of probation or suspension of sentence.”
|sThe sentence conditions required by La. R.S. 15:529.1(G) are additions to, rather than replacements of, those conditions required by the sentencing provisions for the underlying offense. State v. Martin, 18-34 (La.App. 5 Cir. 6/27/18), 121 So.3d 170, 176. At the time of the offense,[9] La. R.S. 14:65(B) provided: “Whoever commits the crime of simple robbery shall be fined not more than three thousand dollars, imprisoned with or without hard labor for not more than seven years, or both.” Therefore, where neither the sentencing provision for defendant’s underlying offense nor the sentencing provision for his second felony offender status restricts parole eligibility, it is apparent that the trial court erred in restricting defendant’s parole eligibility.
The Louisiana Supreme Court has held that in cases in which a sentencing error by the trial court does not involve the omission of a restrictive term specified by the legislature as part of the sentence but the imposition of limits beyond what the legislature has authorized in the sentencing statute, an appellate court should not rely on La. R.S. 15:301.1(A) to correct the error as a matter of law but should correct the sentence on its own authority under La. C.Cr.P. art. 882 to correct an illegal sentence “at any time.” State v. Sanders, 04-17 (La.5/14/04), 876 So.2d 42 (per cu-riam).
Accordingly, we amend defendant’s sentence to delete the restriction on parole, and order the trial court to correct the commitment. La.C.Cr.P. art. 882; See State v. Richard, 12-310 (La.App. 5 Cir. 4/24/13), 115 So.3d 86, 96, writ denied, 13-1220, 126 So.3d 497 (La.12/2/13), citing State v. Lipton, 02-162 (La.App. 5 Cir. 9/30/03), 857 So.2d 1162, 1163, writ denied, 03-3058 (La.2/20/04), 866 So.2d 818. We further remand this matter and order the trial court to transmit the original of the corrected commitment to the officer in charge of the institution to |9which defendant was sentenced. La.C.Cr.P. art. 892(B)(2); State ex rel. Roland v. State, 06-0244 (La.9/15/06), 937 So.2d 846 (per curiam).

Decree

Accordingly, we affirm defendant’s conviction and defendant’s sentence as amended. Further, we grant appellate counsel’s motion to withdraw as counsel for defendant.
CONVICTION AFFIRMED; SENTENCE AFFIRMED AS AMENDED; MOTION TO WITHDRAW GRANTED.

. Also charged in this bill of information was co-defendant Carlos E. Valdivieso, Jr.

. "[W]hen the trial judge states that the sentence is to the Department of Corrections, the sentence is necessarily at hard labor.” State v. Clofer, 11-494 (La.App. 5 Cir. 11/29/11), 80 So.3d 639, 643.

. See Error Patent Discussion, infra, regarding defendant’s enhanced sentence.

. It is noted that the trial court’s Order granting defendant’s appeal is dated July 18, 2009. The year "2009” appears to be a typographical error since the prosecution of defendant was instituted in 2012. It seems the Order should be dated July 18, 2013.

. The procedure set forth in Benjamin for compliance with Anders, infra, was sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-0981 (La.4/28/95), 653 So.2d 1176, 1177 (per curiam), and adopted by this Court in State v. Bradford, 95-929 (La.App. 5 Cir. 6/25/96), 676 So.2d 1108, 1110.

. The United States Supreme Court reaffirmed its position in Anders, supra, in Smith v. Robbins, 528 U.S. 259, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000).

. Defendant's guilty plea was not entered pursuant to State v. Crosby, 338 So.2d 584 (La.1976).

. The Louisiana Supreme Court has held a defendant should be sentenced pursuant to the version of La. R.S. 15:529.1 in effect at the time of the commission of the charged offense. State v. Parker, 03-0924 (La.4/14/04), 871 So.2d 317, 326.

. It is well-settled that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. State v. Sugasti, 01-3407 (La.6/21/02), 820 So.2d 518, 520.