ROLAND L. BELSOME, Judge.
hThe defendant appeals his criminal convictions asserting that the trial court incorrectly denied his motion to suppress the evidence and statements. We amend the defendant’s multiple offender sentence and affirm the convictions and sentences, as amended.

STATEMENT OF THE CASE

On June 15, 2011, the defendant, Philip Wilson, was charged <by bill of information with possession with the intent to distribute cocaine (count one) and obstruction of justice (count two). The defendant pled not guilty at arraignment. After a hearing, the trial court found probable cause and denied the defendant’s motions to suppress the evidence and statements.[1] The defendant later filed a motion for reconsideration of the trial court’s previous rulings.[2]
The State amended count one of the bill of information to attempted possession with the intent to distribute cocaine on April 25, 2012. On the same day, the defendant pled guilty as charged to both counts under State v. Crosby, 338 So.2d 584, 588 (La.1976). He was sentenced to eleven years at hard labor on count one and five years at hard labor on count two, to be served concurrently. Two days later, the State filed a multiple bill of information alleging that the defendant was a second felony offender utilizing count one as the underlying offense. The defendant objected, asserting that the State had agreed not to file a multiple bill, and the trial court allowed the defendant to withdraw his guilty plea on count one only.[3]
On May 4, 2012, the defendant again entered a Crosby plea on count one to attempted possession of. cocaine with the intent to distribute. In particular, he reserved his right to appeal the trial court’s denial of his motions to suppress, and reconsider. The trial court then sentenced the defendant to eleven years at hard labor on count one. In addition, the defendant pled guilty to the multiple offender bill of information. Consequently, the trial court vacated the previous sentence on count one and resentenced the defendant to eleven years at hard labor without benefits.[4]

*846
ERRORS PATENT

The record reflects that the trial court improperly restricted parole eligibility on the defendant’s eleven-year multiple offender sentence. Although Section “G” of the multiple offender statute restricts probation and suspension of sentence, it does not restrict parole. La. R.S. 15:529.1(G); State v. Young, 02-1280, p. 6 (La.App. 4 Cir. 1/22/03), 839 So.2d 186, 191. Thus, the trial court improperly denied defendant parole eligibility. Pursuant to La.C.Cr.P. art. 882, an appellate court may correct an illegal sentence. Therefore, the defendant’s multiple offender sentence is amended to delete the restriction on parole.

DISCUSSION

The defendant assigns as error the trial court’s denial of his motions to suppress the evidence and statements. He argues that the evidence and statements were obtained illegally.
Detective Keith Elsensohn of the New Orleans Police Department was the only witness to testify at the suppression hearing. Detective Elsensohn testified that he received information from a confidential informant that a black male, known as “Dooley,” was selling crack cocaine from 2923 Dumaine Street. On April 28, 2011, Detective Elsensohn conducted a controlled purchase, whereby the informant was greeted at the door by an older black male; he then entered the residence and exited shortly thereafter. After the purchase was complete, the informant immediately met with the detective at a prearranged location and presented the cocaine he had purchased.
The following day, Detective Elsensohn obtained a search warrant for the Dumaine Street residence. On May 30, 2001, while preparing to execute the warrant with a member of the DEA task force, Detective Elsensohn observed the defendant exit the residence along with two other subjects. Detective Elsensohn and the DEA agent followed the trio and opted to stop the defendant.
|4Upon exiting the vehicle and identifying themselves as police officers, the defendant began to run. At that time, Detective Elsensohn observed the defendant insert a clear plastic bag “the size of a pingpong ball” into his mouth, which he began to chew “violently.” After a struggle with the officers, the defendant started to spit out the contraband that he could not consume. At that time, Detective El-sensohn recognized the contraband as crack cocaine. The contraband also field tested positive for cocaine.
Detective Elsensohn notified EMS, placed the defendant in handcuffs, and advised him of his Miranda[5] rights. Following a search incidental to arrest, two hundred dollars cash was recovered from the defendant’s pants pocket. While accompanied by Detective Elsensohn, the defendant was transferred to the hospital in an EMS unit. During the transport, Detective Elsensohn overheard the defendant tell the EMS technician that he had consumed heroin an hour earlier and that he had swallowed about eighty percent of his contraband. After being treated at the hospital, Detective Elsensohn spoke to the defendant and learned that his mom nicknamed him “Dooley” as a child. Initially, he stated that he had swallowed over 40 grams of cocaine; however, he later expressed it was only about an ounce.
In support of his argument, the defendant makes three points. One, the evidence recovered from his person was seized in violation of the Fourth *847 1 ^Amendment. Two, his two statements were obtained without a Miranda waiver. Three, his statement to the EMT was privileged and therefore inadmissible.
In reference to his first claim regarding the evidence, the defendant asserts that Detective Elsensohn lacked reasonable suspicion to conduct an investigatory stop; therefore, he challenges the admission of the cocaine and money recovered from his person.
Because the cocaine and money were seized without a warrant, the State had the burden of showing a lawful basis for the seizure. See La.C.Cr.P. art. 703; State v. Wells, 08-2262, p. 5 (La.7/6/10), 45 So.3d 577, 581. We review a trial court’s ruling on a motion to suppress under the abuse of discretion standard. Wells, supra. Although it is well-settled that an appellate court should review a trial court’s rulings under a deferential standard with regard to factual determinations, its legal findings are subject to a de novo standard of review. State v. Hunt, 09-1589, p. 6 (La.12/1/09), 25 So.3d 746, 751 (citation omitted).
The Fourth Amendment of the United States Constitution and Article I, Section 5 of the Louisiana Constitution protect persons from unreasonable searches and seizures. Thus, “while the police may briefly detain and interrogate an individual in a public place, they may make an investigatory stop only if it is based upon a reasonable, articulable suspicion that the individual has engaged in, is engaging in, or is about to engage in criminal activity.” State v. Dobard, 01-2629, p. 3 (La.6/21/02), 824 So.2d 1127, 1129-30. See also La.C.Cr.P. art. 215.1 (a police officer “may stop a person in a public place whom he reasonably suspects is | ^committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.”); and Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) (the right to make such an investigatory stop must be based upon reasonable suspicion that the individual has committed, or is about to commit, an offense). A reviewing court must take into account the “totality of the circumstances — the whole picture,” giving deference to the inferences and deductions of a trained officer that might well elude an untrained person. U.S. v. Cortez, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). The court must also weigh the circumstances known to the police as understood by those versed in the field of law enforcement. Id.
In support of his argument that the police did not have reasonable suspicion to stop him, the defendant asserts that Detective Elsensohn could not identify him as the person who had sold crack cocaine to the confidential informant during the controlled purchase, thus concluding that he had no basis to believe that he was the subject identified as “Dooley.” Although Detective Elsensohn did not specify how he identified the defendant as “Dooley” when he saw him leave the residence, his testimony reveals that he clearly recognized the defendant as the target of the investigation when he departed. This testimony went unchallenged at the hearing. It is quite clear that Detective Elsen-sohn’s decision to follow and then stop the defendant was appropriately predicated on the belief that the person he observed walking away from the residence was in fact “Dooley,” the subject who had sold crack cocaine to the Cl from that residence a few days before. These facts, alone, 17establish that Detective Elsensohn had a reasonable suspicion to stop the defendant based on his belief that the defendant was a drug dealer. Further, when the detective exited his vehicle and announced himself as a police officer, the *848 defendant ran and was observed consuming what the detective believed to be contraband. Thus, there was a legitimate basis to stop the defendant in an attempt to recover the evidence before it was destroyed. Once the detective recognized the substance as crack cocaine, the defendant was placed under arrest, and the money was recovered pursuant to a search incident to that arrest. Based on these circumstances, we cannot find that the trial court abused its discretion in denying the defendant’s motion to suppress the evidence.
The defendant’s second and third arguments pertain to his statements. With respect to the second argument, the defendant contends that he did not waive his Miranda rights. Pursuant to La. C.Cr.P. art. 703(D), the State had the burden of showing that the defendant’s statements were admissible. In addition, La. R.S. 15:451 provides: “Before what purports to be a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.” See State v. Gradley, 97-641, p. 9 (La.5/19/98), 745 So.2d 1160, 1166; State v. Butler, 04-880, p. 4 (La.App. 4 Cir. 1/12/05), 894 So.2d 415, 418. As noted in State v. Vigne, 01-2940, p. 6 (La.6/21/02), 820 So.2d 533, 537, in order for a statement made by a suspect in custody to be admissible at |strial, police officers must advise the suspect of his Fifth Amendment rights prior to interrogating him.
The defendant raises two issues: 1) he was incapable of making a knowing and voluntary waiver of rights because of the drugs he consumed prior to his arrest; and 2) there was no express waiver prior to making his two statements.
Regarding the first issue, the defendant maintains that he was unable to make a knowing and voluntary waiver of his Miranda rights because he was under the influence of heroin and cocaine. As noted previously, Detective Elsensohn testified that he overheard the defendant inform the EMT that he had consumed heroin one hour earlier. Furthermore, Detective El-sensohn observed the defendant swallow a significant quantity of crack cocaine. Mr. Wilson initially suggested to Detective El-sensohn that he had swallowed forty grams. Later he stated that it was only one ounce.
Intoxication will render a confession inadmissible when the intoxication is of such a degree as to negate the defendant’s comprehension and render him “unconscious” of the consequences of what he is saying. State v. Decloues, 10-1247, p. 6 (La.App. 4 Cir. 3/23/11), 62 So.3d 778, 781, writ denied, 11-867 (La.2/3/12), 79 So.3d 1022 (citations omitted). Whether intoxication exists and is of a degree sufficient to vitiate the voluntariness of the confession are questions of fact and we will not overturn the trial judge’s conclusions on the credibility and weight of the testimony relating to the voluntariness of a confession unless they are not ^supported by the evidence. Decloues, 10-1247, pp. 6-7, 62 So.3d at 781 (citations omitted).
The record does not support the finding that the defendant’s intoxication was of such a degree as to negate his comprehension and to render him unconscious of the consequences of what he was saying. No evidence was introduced to show that the defendant’s speech was slurred or that he was otherwise incoherent, disoriented, or irrational when making his statements. Instead, the undisputed testimony of the officer indicates that the defendant was aware of his surroundings and consistently responded appropriately *849 to the EMT’s and the officer’s questions. Considering the record and circumstances in this case, the defendant’s alleged intoxicated state was not sufficient to vitiate the voluntariness of his statements.
Turning to the issue of waiver, the defendant contends that the State failed to establish an affirmative waiver of his Miranda rights for both of his statements.
The defendant’s first statement was made in the EMS unit to the EMT during the course of his treatment. Detective Elsensohn overheard the statement, thus it was not made during the course of an interrogation by the police and Miranda is not implicated. See State v. Welch, 10-422, 10-423, p. 15 (La.App. 4 Cir. 2/2/11), 59 So.3d 441, 451 (it is well settled that “voluntary statements, not given as a result of police interrogation or compelling influence, are admissible in evidence without Miranda warnings even where a defendant is in custody.”)
Conversely, the defendant’s second statement was made to Detective Elsen-sohn in the hospital during the course of a police interrogation.
In Berghuis v. Thompkins, 560 U.S. 370, 130 S.Ct. 2250, 2263-64, 176 L.Ed.2d 1098 (2010), the Court stated:
The Miranda rule and its requirements are met if a suspect receives adequate Miranda warnings, understands them, and has an opportunity to invoke the rights before giving any answers or admissions. Any waiver, express or implied, may be contradicted by an invocation at any time. If the right to counsel or the right to remain silent is invoked at any point during questioning, further interrogation must cease.

Id.

As discussed, Detective Elsensohn testified that he advised the defendant of his Miranda rights while arresting him. He also stated that the defendant wished to answer his questions. He further stated that he did not force, coerce, threaten, or promise the defendant anything for his statement. Accordingly, we find that the record supports the conclusion that defendant’s statements were free and voluntary. Thus, we cannot say that the trial court abused its discretion in denying the defendant’s motion to suppress his statements.
In support of his final argument, the defendant contends that his first statement made to the EMS technician and overheard by Detective Elsensohn is protected under the physician-patient privilege established under La. C.E. art. 510 and therefore inadmissible. However, the record reflects the defendant never raised this issue with the trial court, either at the hearing or in his motion to reconsider.[6] Accordingly, the issue of whether defendant’s statement to the EMT is. privileged under La. C.E. 510 was not preserved for review. State v. Kelly, 08-200, p. 6 (La.App. 4 Cir 6/4/08), 986 So.2d 880, 884 (generally, issues not |nsubmitted to the trial court for decision will not be considered by the appellate court on appeal).

CONCLUSION

Accordingly, we amend the defendant’s multiple offender sentence to delete the restriction against parole eligibility and af *850 firm his convictions and sentences as amended.
AFFIRMED AS AMENDED

. The defendant originally gave notice of his intent to seek supervisory review, but he withdrew it.

. The record does not reflect that the trial court formally ruled on the defendant’s motion to reconsider; however, the trial court referenced the denial of the motion during the defendant's May 4, 2012, guilty plea.

. In turn, the trial court also allowed the State to withdraw its amendment to count one.

. As the defendant pled guilty under Crosby, the facts of the case were not fully developed on the record. The Boykin transcripts reveal that the defendant pled guilty to attempted possession with the intent to distribute cocaine and obstruction of justice.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

. Normally, the issue of the admissibility of evidence is raised by filing a motion in limine. A motion to suppress the statement brought pursuant to La.C.Cr.P. art. 703 only challenges whether the statement was constitutionally obtained.