STATE OF LOUISIANA          *        NO. 2019-KA-0087

VERSUS                 *        COURT OF APPEAL

JUBBARD PRICE         *        FOURTH CIRCUIT

                                          *        STATE OF LOUISIANA

                                          *

                                          *

* * * * * * *

**JENKINS, J., CONCURS IN PART AND DISSENTS IN PART**

I agree with the majority that the trial court erred insofar as it imposed an illegal restriction on defendant's parole eligibility, not authorized by La. R.S. 14:32(C), La. R.S. 15:529.1(A)(1), or La. R.S. 15:529.1(G). However, in consideration of the jurisprudence addressing this error, I do not find it appropriate to reverse defendant's sentence and remand this matter to the trial court. For the reasons set forth by the Louisiana Supreme Court in *State v. Sanders*, 04-0017 (La. 5/14/04), 876 So.2d 42, this Court should amend the sentence to delete the restriction on parole eligibility.

> In cases in which the sentencing error made by the trial court does not involve the omission of a restrictive term specified by the legislature as part of the sentence but the imposition of limits beyond what the legislature has authorized in the sentencing statute(s), an appellate court should not rely on La. R.S. 15:301.1(A) to correct the error as a matter of law but should correct the sentence on its own authority under La. C.Cr.P. art. 882 to correct an illegal sentence "at any time."

*Id.*; *see also State v. Wilson*, 12-0920, pp. 2-3 (La. App. 4 Cir. 6/12/13), 119 So.3d 843, 846 (amending defendant's multiple offender sentence to delete the restriction against parole eligibility and affirming as amended); *State v. Griffin*, 13-809, pp. 8-9 (La. App. 5 Cir. 2/26/14), 136 So.3d 379, 382-83 (amending defendant's sentence to delete the restriction on parole and remanding to the trial court with instructions to correct the commitment order); *State v. Woodberry*, 14-0476, pp.

1

23-24 (La. App. 4 Cir. 6/13/15), 171 So.3d 1082, 1096-97 (amending defendant's sentence to delete the illegal parole restriction and directing the Department of Corrections to revise defendant's prison masters to reflect parole eligibility). Therefore, in consideration of the pertinent jurisprudence and the authority granted to this Court by La. C.Cr.P. art. 882, this Court should amend defendant's sentence to delete the restriction on parole eligibility and affirm his sentence as amended. Accordingly, I dissent from the majority insofar as it reverses defendant's sentence and remands this matter to the trial court. I also note that the majority opinion does not remand with instructions to re-sentence defendant.

In regards to the discrepancy between the transcript and the minute entry on the crime of violence designation, I agree with the majority that this matter must be remanded to the trial court with instructions to amend the pertinent minute entry to conform to the August 4, 2017 transcript and to transmit corrected commitment orders to the Department of Corrections.